| | |
|---|---|
| Jasmine Rittersbacher <br> 1403 Stone Boundary Road <br> Cambridge, Maryland 21613 | * <br> * |
| Plaintiff | * |
| v. | * |
| Food Lion, LLC <br> d/b/a Food Lion #01158 <br> 2100 Executive Boulvard <br> Salisbury, North Carolina 28145 | * <br> *   IN THE <br> *   CIRCUIT COURT |
| Serve <br> CSC-Lawyers, Inc Service Co. <br> 7 St. Paul Street, Suite 820 <br> Baltimore, Maryland 21202 | *   FOR <br> *   BALTIMORE COUNTY <br> * |
| and | * |
| Kellermeyer Berguson Service LLC. <br> 251 Little Falls Drive <br> Wilmington, DE 19808 | * |
| Serve <br> CSC-Lawyers, Inc Service Co. <br> 7 St. Paul Street, Suite 820 <br> Baltimore, Maryland 21202 | * <br> * <br> * |
| Defendants | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

COMES NOW the Plaintiff, Jasmine Rittersvacher, by and through her attorneys, Erica C. Fischer and Greenberg Law Offices, and sues the Defendants, Food Lion, LLC. d/b/a Food Lion #01158 and Kellermeyer Berguson Services, Inc. (hereinafter "Defendants"), and for cause states:

### PARTIES

1. Plaintiff is a resident of Dorchester County, Maryland.

2. Defendant, Food Lion LLC., is a limited liability company that owns and operates numerous grocery stores throughout the State of Maryland, including Baltimore County.

3. Defendant, Kellermeyer Berguson Services LLC. is a management company with its principle office in Deleware, that does business at various Food Lions and other stores across the State of Maryland, including Baltimore County.

## VENUE

4. Venue is proper in Carroll County pursuant to Md. Cts. & Jud. Proc. Code § 6-201 because the Defendants regularly engage in business in Baltimore County.

## FACTS

5. On or about June 18, 2019, the Plaintiff was a customer and business invitee on the property owned and operated by Defendants.

6. While walking through the premises, the Plaintiff slipped and fell when walking through the isle.

7. After she fell, the Plaintiff discovered that her fall was caused by a mat in the produce department that was wet and covered in soap underneath the mat.

8. The Plaintiff did not notice the wet and soapy substance on the ground under the mat until after she had fallen. There were no signs or other indications to warn the Plaintiff of the dangerous condition that existed.

9. At all times relevant to this incident, as owner of the public grocery store and property management thereof, the Defendants were responsible for the

maintenance of the property, including but not limited to keeping and maintaining the interior in a secure and safe condition, and ensuring that pedestrian would not injure themselves due to negligently maintained property.

10. At all time relevant to this incident, the Plaintiff was a licensee of the Defendants, and as such, each Defendant individually owed a duty to the Plaintiff to use reasonable care to inspect and maintain the premises in a safe condition, and to protect the Plaintiff from injury caused by an unreasonable risk, that she, through the exercise of ordinary care would not have discovered on her own.

11. The Defendants breached their duty by failing to maintain all pathways and areas within the store in a safe and secure condition, failing to inspect the premises to make sure it was safe for customers traversing through the store, and failing to post signs, cones, or other devices to warn invitees of the unsafe condition of the walkways in the store and/or wet conditions.

12. As a direct and proximate result of the recklessness, negligence, and carelessness of the Defendants, the Plaintiff:

    a. suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of capacity for enjoyment of life;

    b. was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain, and suffering;

    c. was, is, and will be precluded from engaging in normal activities and pursuits; and

    d. otherwise hurt, injured, and caused to sustain losses.

13. All of the Plaintiff's losses were, are, and will be due solely to and by reason of the carelessness and negligence of the Defendants, without any negligence or want of due care on the Plaintiff's part contributing thereto.

WHEREFORE, for the reasons set forth herein, Plaintiff demands judgment in the amount of $75,000.00.

GREENBERG LAW OFFICE

_____/s/_____
ERICA C. FISCHER
CPF #1812110063
6 E. Biddle Street
Baltimore, MD  21202
410-539-5250
410-625-7891 (fax)
erica@greenberglawyers.com