| | | |
|---|---|---|
| Jasmine Rittersbacher | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| Food Lion, LLC | * | DORCHESTER COUNTY |
| and | * | |
| Kellermeyer Berguson Service, LLC | * | Case No. C-09-CV-20-000093 |
| **and** | * | |
| **Vane Service Cleaning, LLC** **31727 Old Stage Road** **Laurel, DE 19956** **Serve on: Resident Agent** **Vane Service Cleaning, LLC** **31727 Old Stage Road** **Laurel, DE 19956** | * * * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT

Now comes the Plaintiff, Jasmine Rittersbacher, by Lawrence S. Greenberg and the Greenberg Law Office, her attorneys, and sues the Defendants, Food Lion, LLC, Kellermeyer Berguson Service, LLC, **and Vane Service Cleaning, LLC** (hereinafter "Defendants") and for cause states:

### PARTIES

1. Plaintiff is a resident of Dorchester County, Maryland.

2. Defendant, Food Lion, LLC, is a limited liability company that owns and operates numerous grocery stores throughout the State of Maryland, including Dorchester County.

3. Defendant, Kellermeyer Berguson Services, LLC is a management company with its

principle office in Delaware, that does business at various Food Lion stores and other stores across the State of Maryland, including Dorchester County.

**4. Defendant, Vane Service Cleaning, LLC, is a janitorial service with its principle place of business in Delaware, that does business at various Food Lion stores in the State of Maryland.**

## VENUE

5. Venue is proper in Dorchester County because the Defendants regularly engage in business in Dorchester County.

## FACTS

6. On or about June 18, 2019 the Plaintiff was a customer and business invitee on the property owned and operated by Defendants, Food Lion & Kellermeyer.

7. While walking through the premises, the Plaintiff slipped and fell when walking through an aisle.

8. After she fell, the Plaintiff discovered that he fall was caused by a mat in the produce department that was wet and covered in soap underneath the mat.

9. The Plaintiff did not notice the wet and soapy substance on the ground under the mat until after she had fallen. There were no signs or other indications to warn the Plaintiff of the dangerous condition that existed.

10. At all times relevant to this incident, as owner of the public grocery store and property management thereof, the Defendants, Food Lion and Kellermeyer, were responsible for the maintenance of the property including, but not limited to, keeping and maintaining the interior in a secure and safe condition, and ensuring that pedestrians would not injure themselves due to negligently maintained property.

11. At all times relevant to this incident, the Plaintiff was a licensee of the Defendants and, as such, each Defendant individually owed a duty to the Plaintiff to use reasonable care to inspect and maintain the premises in a safe condition, and to protect the Plaintiff from injury caused by an unreasonable risk that she, through the exercise of ordinary care, would not have discovered on her own.

12. The Defendants breached their duty by failing to maintain all pathways and areas within the store in a safe and secure condition, failing to inspect the premises to make sure it was safe for customers traversing through the store, and failing to post signs, cones, or other devices to warn invitees of the unsafe condition of the walkways in the store and/or wet conditions.

13. As a direct and proximate result of the recklessness, negligence, and carelessness of the Defendants, the Plaintiff:

    a.    suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of capacity for enjoyment of life;

    b.    was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain, and suffering;

    c.    was, is, and will be precluded from engaging in normal activities and pursuits; and

    d.    otherwise hurt, injured, and caused to sustain losses.

14. All of the Plaintiff's losses were, are, and will be due solely to and by reason of the carelessness and negligence of the Defendants, and each of them, without any negligence or want of due care on the Plaintiff's part contributing thereto.

**WHEREFORE, for the reasons set forth herein, Plaintiff demands judgment in excess of $75,000.00.**

## NEGLIGENCE - VANE SERVICE CLEANING, LLC

15. The Plaintiff repeats by reference each and every material allegation of fact contained in the paragraphs above and incorporates same herein by reference.

16. That based on information and belief, the Defendant, Kellermeyer, contracted the Defendant, Vane Service Cleaning, LLC, to perform janitorial and maintenance services at the property where this incident occurred.

17. That the Defendant, Vane, was to provide janitorial/floor care services in the Food Lion grocery stores, including the property where this incident occurred.

18. That the Defendant, Vane, was to perform all safety measures to ensure the safety of the patrons of Defendant, Food Lion, such as the Plaintiff.

19. That Vane failed to properly clean the floor, allowed a dangerous substance to remain on the floor, failed to use proper safety mats, and was otherwise negligent and created a safety hazard in the area where the incident occurred.

20. As a direct and proximate result of the recklessness, negligence, and carelessness of the Defendant, Vane, the Plaintiff:

   a. suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of capacity for enjoyment of life;

   b. was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain, and suffering;

   c. was, is, and will be precluded from engaging in normal activities and pursuits; and

   d. otherwise hurt, injured, and caused to sustain losses.

**14. All of the Plaintiff's losses were, are, and will be due solely to and by reason of the carelessness and negligence of the Defendants, and each of them, without any negligence or want of due care on the Plaintiff's part contributing thereto.**

**WHEREFORE, for the reasons set forth herein, Plaintiff demands judgment in excess of $75,000.00.**

GREENBERG LAW OFFICE

_____/s/_____
LAWRENCE S. GREENBERG
CPF#9506210161
6 E. Biddle Street
Baltimore, MD 21202
410-539-5250
410-625-7891 (fax)
Larry@greenberglawyers.com
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify on this 6th day of August, 2020 that a copy of the foregoing was served via the Court's MDEC e-filing system on SARABETH RANGIAH, ESQ., srangiah@bonnerkiernan.com, attorney for the Defendant.

_____/s/_____
LAWRENCE S. GREENBERG