IN THE CIRCUIT COURT FOR DORCHESTER COUNTY, MARYLAND
CIVIL DIVISION

| | | |
|---|---|---|
| **JASMINE RITTERSBACHER** | * | |
| Plaintiff | * | |
| v. | * | |
| **FOOD LION, LLC, et al.** | * | |
| Defendants | * | Case No.: C-09-CV-20-000093 |
| **KELLERMEYER BERGENSONS SERVICES, LLC** | * | |
| | * | |
| Defendant/Third Party-Plaintiff | * | |
| v. | * | |
| **VANE SERVICE CLEANING, LLC**<br>31727 Old Stage Road<br>Laurel, DE 19956 | * | |
| | * | |
| Third-Party Defendant | * | |
| SERVE: Resident Agent<br>Vane Service Cleaning, LLC<br>31727 Old Stage Road<br>Laurel, DE 19956 | * | |
| | * | |

## THIRD-PARTY COMPLAINT

COMES NOW, Defendant Kellermeyer Bergensons Services, LLC (hereinafter "KBS") by and through its counsel, Bonner Kiernan Trebach & Crociata, LLP, Matthew M. Davey and Sheena M. Njoroge, pursuant to Md. Rule 2-332 and files this Third-Party Complaint against Vane Service Cleaning, LLC. (hereinafter "VANE") and as grounds therefor states as follows:

### FACTS COMMON TO ALL COUNTS

1. This matter stems from an alleged slip and fall that occurred on or about June 18, 2019, in the isle of a Food Lion grocery store, located in Cambridge, Maryland ("the Property").

2. At the time of the incident, KBS contracted with the Third-Party Defendant VANE to perform certain janitorial and maintenance services at the Property.

3. Specifically, VANE was to provide Janitorial/Floorcare services in Food Lion grocery stores, including the Property, and while doing, VANE was to take all appropriate action to ensure the safety of patrons, such as Plaintiff.

4. In her Complaint, Plaintiff alleges that her fall was caused by a mat in the produce department that was wet and covered in soap. Thus, VANE, not KBS, created the alleged safety hazard in the area where the incident occurred.

5. The contract between KBS and VANE required VANE to indemnify KBS and Food Lion. Specifically, "Independent Contractor (VANE) shall defend, indemnify and hold harmless the indemnified parties from and against any and all claims, liabilities, deficiencies, actions, judgments, interest, awards, penalties, fines, costs or expenses of whatever kind (including attorneys fees and expert fees) allegedly arising out of or resulting from, in whole or in part bodily injury of any person resulting from the acts or omissions of independent contractor (VANE) or its employees, agents, or subcontractors in any way connected with the service rendered by independent contractor (VANE) and any of its employees, agents or subcontractors."

6. Moreover, "it is understood and agreed that the Parties intend this defense and indemnification provision to be construed broadly in favor of KBS and its Customers (Food Lion) so as to provide the fullest defense and indemnity protection permitted by law."

7. Plaintiff herein has presented a claim for personal injuries purportedly stemming from the alleged fall, which was caused by VANE'S failure to perform its duties pursuant to the contract. Plaintiff's allegations fall squarely within the type of claim for which VANE agreed in the contract to defend and indemnify KBS and Food Lion.

8. In accordance with the contract's indemnity terms, KBS has demanded that VANE defend and indemnify KBS for this loss, but, without justification, VANE has unreasonably refused to do so.

### COUNT I – BREACH OF CONTRACT
### (Third-Party Defendant VANE)

9. KBS hereby incorporates and adopts paragraphs 1-8, above, as though they were set forth fully herein.

10. KBS has performed all of its duties and obligations in conformity with the terms and conditions of the contract.

11. The contract requires VANE to indemnify and hold KBS and Food Lion harmless for the allegations set forth by Plaintiff in her Complaint as those allegations pertain to VANE'S failure to perform its contractual duties.

12. KBS has made a timely demand of VANE pursuant to the Contract, but VANE has refused without justification to perform in accordance with the Contract.

13. As a result the aforesaid breach of the Contract, KBS and Food Lion have incurred damages to date in the form of fees and costs incurred in defending this action.

WHEREFORE, Kellermeyer Bergensons Services, LLC demands judgment against Vane Service Cleaning, LLC. in the amount, if any, for which Kellermeyer Bergensons Services, LLC and Food Lion, LLC is adjudicated liable to the Plaintiff in this action, plus the costs, attorneys' fees, and expenses incurred in this action, plus interests and costs.

### COUNT II – Indemnification
### (Third-Party Defendant VANE)

14. KBS hereby incorporates and adopts paragraphs 1-13, above, as though they were set forth fully herein.

15. Plaintiff contends that all Defendants sued in this matter were negligent and are liable for the injuries and damages allegedly suffered in this case. The Defendants have denied all allegations of negligence asserted by the Plaintiff herein.

16. Should it be determined that KBS is liable, either solely or as a joint tortfeasor with Co-Defendant Food Lion and/or VANE, with said allegation being specifically denied, KBS and Food Lion have a right to contractual indemnity for any judgment entered plus the costs of their defense directly from VANE.

17. Accordingly, KBS demands that VANE fully indemnify it and Food Lion for any judgment that is returned in favor of the Plaintiff herein.

WHEREFORE, Kellermeyer Bergensons Services, LLC demands judgment by way of indemnification against Vane Service Cleaning, LLC. in the amount, if any, for which Kellemeyer Bergensons Services, LLC. and Food Lion, LLC is adjudicated liable to the Plaintiff in this action, plus the costs, attorneys' fees, and expenses incurred in this action, plus interests and costs.

### COUNT IV – Contribution
### (Third-Party Defendant VANE)

18. KBS hereby incorporates and adopts paragraphs 1-17, above, as though they were set forth fully herein.

19. Plaintiff contends that all Defendants sued in this matter were negligent and are liable for the injuries and damages allegedly suffered in this case. The Defendants have denied all allegations of negligence asserted by the plaintiff herein.

20. Should it be determined that KBS is liable to Plaintiff, either as a joint tortfeasor with Co-Defendant Food Lion, LLC, with said allegation being specifically denied, KBS has a right to contribution from VANE.

21. Accordingly, KBS demands that VANE contribute in appropriate shares to any judgment that is returned in favor of the Plaintiff herein.

22. Under Maryland law, any liability to Plaintiff in this action should be shared equally between Defendants and VANE, with any liability on Defendants' part constituting contribution with VANE for Defendants share of the overall liability.

WHEREFORE, Kellemeyer Bergensons Services, LLC demands judgment by way of contribution from VANE Service Cleaning, LLC towards the amount, if any, that defendants, Kellemeyer Bergensons Services, LLC and Food Lion, LLC are adjudicated liable to the Plaintiff in this action, plus the costs, attorneys' fees, and expenses incurred in this action, plus interests and costs.

Respectfully Submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

/s/ Matthew M. Davey
Matthew M. Davey, Esq. (CPF # 0212170197)
Sheena M. Njoroge, Esq. (CPF# 1612140101)
1233 20th Street, NW, 8th Floor
Washington, D.C. 20036
Tel: 202-712-7000
Fax: 202-712-7100
mdavey@bonnerkiernan.com
snjoroge@bonnerkiernan.com
*Counsel for Defendant/Third-Party Plaintiff*
*Kellermeyer Bergensons Services, LLC*

## REQUEST FOR JURY TRIAL

Defendant respectfully requests trial by jury in the above-captioned matter.

/s/ Matthew M. Davey
Matthew M. Davey, Esq. (CPF # 0212170197)

## RULE 1-313 CERTIFICATION

I HEREBY CERTIFY that I am an attorney admitted to practice in the State of Maryland.

| | |
|---|---|
| 6/9/2020 | /s/ Matthew M. Davey |
| Date | Matthew M. Davey, Esq. |

| | |
|---|---|
| 6/9/2020 | /s/ Sheena M. Njoroge |
| Date | Sheena M. Njoroge |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2020, a copy of the foregoing **Answer and Jury Demand** was served, via the Court's electronic service system upon:

Erica C. Fisher, Esq.
Greenberg Law Office
6 E. Biddle Street
Baltimore, Maryland 21202
*Attorneys for Plaintiff*

Maria Monslave
Vane Service Cleaning, LLC
P.O. Box 313
Laurel, DE 19956
*Third Party Defendant*

/s/ Sheena M. Njoroge
Sheena M. Njoroge, Esq.