# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JASMINE RITTERSBACHER | * | |
| Plaintiff | * | |
| v. | * | Case No.: 1:20-CV-02800-JMC |
| FOOD LION, LLC, et al. | * | |
| Defendants. | * | |

### DEFENDANTS KELLERMEYER BERGENSON SERVICE, LLC AND FOOD LION, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF <u>THEIR MOTION FOR SUMMARY JUDGMENT</u>

COME NOW, Defendants Kellermeyer Bergenson Service, LLC and Food Lion, LLC, by and through their undersigned counsel, pursuant to Fed R. Civ. P. 56 and Local Rule 105, and hereby submit their Memorandum of Points and Authorities in Support of their Motion for Summary Judgment, and as reasons and grounds therefore state as follows:

## I. INTRODUCTION

This matter stems from an alleged slip and fall that occurred on or about June 18, 2019, at the Food Lion store #01158, located at 6 Washington Street, Cambridge, Maryland. Second Am. Compl. Pg. 2, ¶¶6-7. Plaintiff further alleges that she fell when she slipped on a floor mat in front of a flower and plant refrigerated display and that there were no wet-floor signs or other signs warning her of any wet or slippery substance on the ground. Second Am. Compl. Pg. 2, ¶¶8-9.

She contends that her fall resulted in her suffering "serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of capacity for enjoyment of life" and to incur "medical costs and expenses in order to alleviate injuries, pain, and suffering." Second Am. Compl. Pg. 4, ¶24.

Despite Plaintiff's allegations, she has failed to satisfy her burden to prove that Defendants breached any duty owed to her. The undisputed facts of this case are that Defendants had neither actual nor constructive knowledge that the surface under the mat was slippery and Plaintiff has failed to prove any form of notice of a dangerous condition by Defendants. Simply stated, Plaintiff's claim against fails as a matter of law under longstanding and well understood Maryland precedent. Therefore, Defendants are entitled to judgment as a matter of law as there is no material fact in dispute.

## II. STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. On or about June 18, 2019, Plaintiff was a customer at a Food Lion grocery store located at 6 Washington Street, Cambridge, Maryland ("the Store"). *See* Second Am. Compl. Pg.2, ¶6.

2. Defendant Kellermeyer Bergenson Service LLC ("Kellermeyer") is the facility maintenance service provider for the Store. *See* Exhibit A, Affidavit of Oscar Galvan, ¶2.

3. Food Lion contracted with Kellermeyer to provide property management services. *See* Exhibit A, ¶3.

4. Kellermeyer contracted with Defendant Vane Service Cleaning, Inc. ("Vane") to perform janitorial/cleaning services at the Store. *See* Exhibit B, Contract between Kellermeyer and Vane.

5. Kellermeyer did not have any employees at the Store at any time relevant to Plaintiff's fall. *See* Exhibit A, ¶5.

6. Plaintiff slipped and fell in front of a flower display in the produce section of the Store. *See* Second Am. Compl. Pg. 2, ¶7.

7. There was a floor mat at the location where Plaintiff fell. *See* Exhibit C, Transcript of Deposition of Plaintiff at 32:6-7.

8. The mat was flat on the ground at all times relevant to Plaintiff's fall. *See* Exhibit B at 40:19-20.

9. Plaintiff alleges that there was a substance underneath the mat that caused the mat to give out or slide when she stepped on it. *See* Exhibit C at 77:1-4.

10. Plaintiff's foot did not catch on any part of the mat. *See* Exhibit C at 100:16-21.

11. Plaintiff does not allege the mat caused her fall. *See* Exhibit C at 100:16-21.

12. Rather, Plaintiff alleges that a substance underneath the mat caused the mat to move unexpectedly when she stepped on the mat, which caused her to fall. *See* Exhibit C at 77:1-4.

13. There was no water or any other substance visible around the mat near where Plaintiff fell. See Second Am. Compl. Pg. 2, ¶¶8-9; *See also* Exhibit C at 37:2-4.

14. Plaintiff's view of the mat was unobstructed at the time of the incident. *See* Exhibit B at 40:17-18.

15. Plaintiff was watching where she was walking and was not distracted at the time of her fall. *See* Exhibit C at 35:1-11.

16. Plaintiff did not see any water or foreign substance near or around the mat prior to her fall. *See* Second Am. Compl. Pg. 2, ¶¶8-9; *See also* Exhibit C at 37:2-4.

17. When the Food Lion assistant manager came to Plaintiff, after her fall, he looked down at the mat and did not see any water or foreign substance near or around the mat. *See* Exhibit D, Transcript of Deposition of Logan Fox, at 81:22-82:5

18. It was not until after Plaintiff's fall, when the mat was turned over that a foreign substance was seen for the first time underneath the mat. *See* Exhibit D at 41:5-15; 80:6-17; *See also* Exhibit E, Picture taken by Plaintiff.

19. The purpose of the mat was to prevent water from the flower display from falling on the floor as customers removed the flowers from the display. *See* Exhibit D at 43:7-11; *See also* Exhibit F, Transcript of Deposition of Keith Parlier at 27:7-21.

20. If any water were to fall on the mat, from the display, it would be on top of, and not underneath, the mat. *See* Exhibit F at 34:12-35:3.

21. Plaintiff cannot say that water from the flower display was underneath the mat at the time of her fall. *See* Exhibit C at 77:1-14.

22. Plaintiff cannot identify the substance underneath the mat the allegedly caused the mat to slip out from underneath her foot. *See* Exhibit C at 77:1-14.

23. Plaintiff cannot offer any evidence as to source of the substance, discovered after Plaintiff's fall, underneath the mat. *See* Exhibit C at 86:6-8

24. Plaintiff cannot offer any evidence as to how long the substance had existed underneath the mat prior to Plaintiff's fall. *See* Exhibit C at 86:9-11.

25. The maintenance and repair records reflect that no repairs were made to the flower display following this incident and thus there is no evidence to infer the display malfunctioned in any way, so as to leak water or otherwise create a dangerous condition. *See* Exhibit G, Maintenance and Repair Records.

26. In fact, the maintenance and repair records prove that the flower display was in good working order at the time of the incident. *See* Exhibit G, generally.

27. Defendant Kellermeyer had no duty to clean or otherwise maintain the area of the Store, where Plaintiff fell. See Exhibit A, ¶6.

28. Kellermeyer, as the facility maintenance service provider, did not receive any complaints of water or other substance at or near or below the mat in the twenty-four (24) hours prior to Plaintiff's fall. See Exhibit A, ¶7.

29. Kellermeyer, as the facility maintenance service provider, did not receive any complaints that the flower display was malfunctioning in any way in the twenty-four (24) hours prior to Plaintiff's fall. See Exhibit A, ¶8.

30. Food Lion did not receive any complaints of water or other substance at or near or below the mat in the twenty-four (24) hours prior to Plaintiff's fall. *See* Exhibit F at 27:7-21.

31. Food Lion did not receive any complaints flower display was malfunctioning in any way in the twenty-four (24) hours prior to Plaintiff's fall. *See* Exhibit F at 27:7-21.

### III. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), judgment should be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "For purposes of summary judgment, a fact is material if, when applied to the substantive law, it affects the outcome of the litigation." *Nero v. Baltimore Cnty., MD*, 512 F. Supp. 2d 407, 409 (D. Md. 2007) (citing *Anderson*, 477 U.S. at 248).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. See *Anderson*, 477 U.S. at 248-49. To determine which facts are "material," a court must look to the substantive law on which each

claim rests. *Id*. at 248. A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *See id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 248-49. "The moving party is entitled to summary judgment when the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Frostbutter v. Bob Evans Farms, Inc.*, 2013 U.S. Dist. LEXIS 111265 at *7 (D. Md. Aug. 6, 2013) (quoting *Celotex*, 477 U.S. at 323).

When ruling on a Motion for Summary Judgment, the court must construe the facts in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. A complete failure of proof concerning an essential element…necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 323 (1986).

On those issues where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256 (1986). Furthermore, "a mere scintilla of evidence is not enough to create a fact issue." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984). "The nonmoving party may not rely on *beliefs*, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." *Coleman v. U.S.*, 369 Fed. Appx. 459 (4th Cir. 2010) (*citing Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 875 (4th Cir. 1992))(emphasis added).

There must be sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50 (1986).

## IV. LEGAL ARGUMENT

In Maryland, "[i]t is the generally recognized standard that in order to recover damages in a negligence action, the plaintiff must establish: (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty; (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Wankel v. A&B Contractors, Inc.*, 127 Md. App. 128, 157 (1999) (*citing Baltimore Gas & Elec. Co. v. Lane*, 338 Md. 34, 43 (1995)); *See also Joseph v. Bozzuto Mgmt. Co.*, 173 Md. App. 305 (2007).

More specifically, to prove negligence in a premises liability case, a plaintiff must provide evidence establishing that: (1) a dangerous condition existed; (2) the defendant had actual or constructive knowledge of it; and (3) such knowledge was gained in sufficient time to give the defendant an opportunity to remove and/or warn of the condition. *See Coleman v. U.S.*, 369 Fed. Appx. 459, 461 (4th Cir. 2010) (citing *Maans v. Giant of Maryland, LLC*, 161 Md. App. 620, 871 A.2d 627, 632 (2005)).

To recover in an action for damages, the burden is on the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence. *See Lexington Market v. Zappala*, 233 Md. 444, 197 A.2d 147 (Md. 1964); *see also Montgomery Ward & Co., v. Hairston*, 196 Md. 595, 78 A. 2d 190 (Md. 1951). The customer also has to produce evidence that the dangerous condition existed for a sufficiently long period of time for the

owner or his employees to correct it or to warn his invitees. *See Keene v. Arlan's Dep't Store of Baltimore, Inc.*, 35 Md. App. 250, 256, 370 A.2d 124 (Md. Ct. Spec. App. 1977).

In the present matter, Defendants are entitled to judgment as a matter of law because: (1) there is no evidence that a dangerous condition existed; (2) there is no evidence that Defendants created or had actual or constructive knowledge of the alleged dangerous condition; and (3) there is no evidence that the alleged dangerous condition existed for such a period of time, such that it could have been corrected in a reasonable period of time, so as to impute constructive notice to Defendants. Consequently, Plaintiff's claim fails as a matter of law.

### A. PLAINTIFF HAS FAILED TO PROVIDE EVIDENCE THAT A DANGEROUS CONDITION EXISTED PRIOR TO HER FALL.

Plaintiff's Complaint alleges that Defendants "fail[ed] to maintain all pathways and areas within the store in a safe and secure condition", "fail[ed] to fix the faulty display unit" and "failed to…warn invitees of the unsafe conditions of the walkways in the store and/or wet conditions." *See* Second Am. Compl. Pg. 4, ¶ 23. However, Plaintiff has produced <u>no evidence</u> to advance any of these allegations as there is no proof that a dangerous condition existed prior to the accident. Plaintiff has also admitted that there was nothing in the Store that obstructed her view of the mat. *See* Exhibit B at 40:17-18.

In the instant case, Plaintiff appears to infer that the liquid under the mat came from some malfunction of the flower display. *See* Exhibit B at 75:12-17; 77:17-78:1. Yet, Plaintiff has not identified the allegedly faulty item <u>or</u> part <u>or</u> mechanism, the nature of its fault, how any alleged fault would produce the substance underneath the mat, how long the equipment was malfunctioning prior to the incident or whether Defendants Kellermeyer or Food Lion had any notice of an alleged malfunction of the flower display unit, prior to Plaintiff's fall. *See* Exhibit C at 77:1-14; *see also* Exhibit F, generally.

It is Plaintiff's legal obligation to establish that a dangerous condition existed. This element to her claim cannot be satisfied by mere conjecture or speculation; nor will a "scintilla of evidence or a mere surmise that there may have been negligence justify the court in permitting the case to go to the jury." *See Olney v. Carmichael*, 202 Md. 226, 235 (1953) (*citing Baltimore Transit Co. v. Young*, 189 Md. 428, 436 (1947); *Merchants & Miners Trans. Co. v. Hazelton,* 108 Md. 564, 567 (1908); and *Maas v. Sevick*, 179 Md. 491, 494 (1941)). In short, Plaintiff cannot rely on unsupported speculation to defeat a summary judgment motion. *See Baber*, 977 F.2d at 875 (*citing Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)). Importantly, "no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636, 640 A.2d 1134, 1135 (Md. 1994). Plaintiff's failure to meet her burden demands that the case be dismissed.

Indeed, a case based upon mere conjecture does not have legally substantial evidence of negligence. *See Long v. Joestlein*, 193 Md. 211, 221 (1949); *Carter Shoppers Food Warehouse MD Corp.*, 126 Md. App. 147, 164 (1999). As a general rule:

> [W]here the trial judge finds no breach of duty on the part of the owner, the case should be withdrawn from the jury, for where an invitee seeks to hold the owner liable for injuries sustained on the ground of his negligence, there must be evidence from which a jury can reasonably infer negligence on the part of the owner.

*Long*, 193 Md. at 217.

The appellate court in *Carter* held that a mere surmise that there may have been negligence will not justify the court in permitting the case to go to a jury. *Id*. at 164. Even though the trial judge must interpret all inferences in Plaintiff's favor, "where the plaintiff has not shown by any evidence that the injuries sustained by him were a direct consequence of negligence on the part of the defendant, and there is no rational ground upon which a verdict for the plaintiff could be based, the trial judge should direct a verdict in favor of the defendant." *Id*. at 163.

Discovery in this matter lasted for nine (9) months, during which the parties exchanged written discovery and conducted four (4) depositions. Defendants deposed Plaintiff, while Plaintiff deposed Food Lion Assistant Manager Logan Fox, Food Lion Store Manager Keith Parlier, and Co-Defendant Vane Service Cleaning, LLC's corporate representative, Maria Monsalve. None of these witnesses identified the substance underneath the mat, none could identify the source of any such substance, none could say how long any such substance had been in place prior to Plaintiff's fall and all testified that they did not see anything prior to Plaintiff's fall. *See* Exhibit D at 58:3-6, 80:22-81:1-7; Exhibit F at 34:2-6; Exhibit H, Transcript of Deposition of Maria Monsalve at 36:4-16; 46:6-13, 55:4-10.

Moreover, Plaintiff did not identify an expert to substantiate her theory of liability. While a liability expert may not be needed in a case of ordinary negligence, here Plaintiff cannot offer any plausible theory of liability as to Defendants Kellermeyer or Food Lion. The record in this matter is devoid of any evidence that a dangerous condition existed at the Store prior to the subject accident and Plaintiff's inability to prove that a dangerous condition existed is fatal to her claim.

### B. THERE IS NO EVIDENCE THAT DEFENDANTS HAD ACTUAL OR CONSTRUCTIVE NOTICE OF THE ALLEGED DANGEROUS CONDITION.

Assuming *arguendo*, that there is some evidence that an allegedly dangerous condition existed prior to the subject incident, Defendants are still entitled to judgment as a matter of law. It is well established that Plaintiff must prove not only that a dangerous condition existed, but that Defendants created the dangerous condition or had actual or constructive knowledge of its existence. *See Lyons v. Shoppers Food Warehouse Corp.,* 2017 U.S. Dist. LEXIS 114667, *1, *10 (D. Md. Jul. 24, 2017) (granting summary judgment despite actual notice of hazard because there was no evidence that the puddle of water existed for a sufficiently long period of time); *Muse v. Supervalu,* 2011 U.S. Dist. LEXIS 54428, at *3 (D. Md. May 20, 2011) (granting summary

judgment due to plaintiff's failure to present evidence regarding length of time that grapes were on floor).

In the case at bar, there is no evidence that Defendants had actual notice of the alleged hazard. Generally, a plaintiff can establish actual notice if there is evidence that a proprietor or its employees created a dangerous condition or had knowledge that a dangerous condition existed. *See, e.g., Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636, 640 A.2d 1134, 1135 (Md. 1994). Here, there is simply no evidence that Defendants had actual notice of the substance underneath the mat. *See* Second Am. Compl. Pg. 2, ¶¶8-9; *See also* Exhibit C at 37:2-4, Exhibit D at 81:22-82:5. In fact, like Plaintiff, the Food Lion manager did not see any substance near or around the mat until after he lifted the mat off the ground and looked underneath it. *See* Exhibit D at 81:22-82:5.

Therefore, in order to establish the requisite element of notice, Plaintiff must have some evidence that that Defendants had constructive knowledge of the alleged hazardous condition, so as to impute notice to Defendants. However, Plaintiff has similarly failed to meet her burden.

Importantly, Plaintiff admitted in deposition that she does not know the source of the purported hazardous substance underneath the mat, she has proffered no evidence as to how long it had been there prior to her fall, she similarly offered no evidence to identify the allegedly hazardous substance that was underneath the mat, nor can she offer any information that any supposed lack of inspection or cleaning led to her fall. Indeed, this was precisely the same conclusion the Court of Special Appeals found in *Maans v. Giant of Maryland, LLC*, 161 Md. App. 620, 871 A.2d 627 (2005), when presented with this very argument:

> Appellant contends that constructive notice may be proven by introduction of evidence that, prior to the accident, defendant failed to make reasonable inspection of the premises. We shall assume, purely for purposes of argument, that Giant breached its duty to make reasonable inspections. The adoption of this assumption, however, does not aid appellant. Appellant failed to produce any evidence that had Giant made reasonable inspections prior to the accident it would have discovered the water on the floor in time to prevent the

accident. For all that was shown by appellant, the water could have been spilled by a customer seconds before her fall [or in the case at bar, could have just fallen from the sky]. This is fatal to her argument that Giant is liable because it breached its duty to make reasonable inspections. See *Burkowske*, 50 Md. App. at 523, 439 A.2d 40 (To prove liability, an invitee must show that if the owner/occupier had made reasonable inspections, the defect would have been discovered in time to prevent the invitee's injury.). See also Deering Woods, 377 Md. at 267-68, 833 A.2d 17 (to show constructive knowledge, invitee must demonstrate that defective condition existed long enough to permit one under a duty to inspect to discover the defect and remedy it prior to the injury).

*Id* at 632-33.

Absent some information as to the source of the substance, the identity of the substance and some information as to how long it was present, Plaintiff cannot establish constructive notice of the alleged hazard. Again, the record is lacking of any evidence that Defendants could have discovered and remedied the hazard through inspection of the premises.

### C. PLAINTIFF CANNOT ESTABLISH THAT THE ALLEGED HAZARDOUS CONDITION COULD HAVE BEEN CORRECTED IN A REASONABLE PERIOD OF TIME.

Lastly, Plaintiff cannot establish that the alleged hazardous condition could have been corrected in a reasonable period of time. *See Lyons v. Shoppers Food Warehouse Corp.,* 2017 U.S. Dist. LEXIS 114667, *1, *10 (D. Md. Jul. 24, 2017) (granting summary judgment despite defendant's actual notice because there was no evidence that defendant failed to diligently clean up hazard); *Maans*, 161 Md. App. at 639-40 (granting summary judgment due to plaintiff's failure to demonstrate that defendant's employees could have discovered water in time to prevent accident).

As discussed previously in the *Maans* case, a plaintiff must present evidence that the defendant could have discovered the hazard in a reasonable period of time. In *Maans,* the Court made clear that an invitee must demonstrate that "the defective condition existed long enough to permit one under a duty to inspect to discover the defect and remedy it prior to the injury. *Id.* at

633 (*citing Deering Woods Condo. Ass'n v. Spoon,* 377 Md. 250, 267-68, 833 A.2d 17, 24-25 (Md. 2002).

Recently, this Court has held that the mere presence of a hazard does not establish that a hazard could have been corrected in a reasonable period of time. In *Lyons v. Shoppers Food Warehouse,* the plaintiff slipped and fell on a puddle of water and observed a trail of water coming from the freezer and a wet-floor sign located at the beginning of the trail. *See Lyons v. Shoppers Food Warehouse Corp.,* 2017 U.S. Dist. LEXIS 114667, at *2 (D. Md. Jul. 24, 2017). While the Court acknowledged that the placement of the wet-floor sign indicated that the defendant was aware of the dangerous condition, the Court nevertheless granted summary judgment, finding that a "wet floor sign and water on the floor does not signal a faulty coffin cooler or offer any insight as to the rate of leakage or time on the floor." *Id.* at 10. The *Lyons* Court made clear that the presence of water on the floor did not establish that the defendant failed to "appropriately and diligently respond to the dangerous condition." *Id.*

In the case at bar, Plaintiff has presented no evidence that the liquid under the mat could have been remedied in a reasonable period of time because she has failed to identify its source, its identity or any other information, which would support an inference of constructive knowledge. Like the plaintiff in *Maans*, who failed to establish that the water could have been corrected in a reasonable period of time, Plaintiff here has similarly failed to establish that Defendants could have cleaned up the substance under the mat in a reasonable period of time. Indeed, Plaintiff admitted that the liquid under the mat was not perceptible unless it was turned over; accordingly, she has no evidence regarding the length of time that the liquid was under the mat or whether Defendants were aware of the presence of the liquid under the mat. *See* Second Am. Compl. Pg. 2, ¶¶8-9; *See also* Exhibit C at 37:2-4, Exhibit D at 81:22-82:5.

Furthermore, the mere presence of liquid under the mat is not sufficient to establish liability. Plaintiff has speculated that the substance leaked from a faulty refrigeration unit but has presented no evidence to corroborate this assertion, nor does she have any evidence regarding the length of time that the substance was under the mat. However, the substance could just as easily have come from another source altogether. Unlike the plaintiff in *Lyons* who speculated about the duration of the presence of water on the floor, Plaintiff has not even attempted to speculate regarding the duration of the presence of liquid under the mat. Therefore, since Plaintiff cannot establish that the alleged hazard could have been corrected in a reasonable period of time, Defendants are entitled to judgment as a matter of law.

## V. Conclusion

WHEREFORE, for the foregoing reasons, Defendants Kellermeyer Bergenson Services, LLC and Food Lion, LLC respectfully request that this Honorable Court grant this Motion and enter judgment in favor of Defendants and provide Defendants with any and all other relief the Court deems necessary or appropriate.

/s/ Jeremy C. Huang
Matthew M. Davey (Bar No. 16282)
Jeremy C. Huang (Bar No. 18193)
Kiernan Trebach LLP
1233 20th Street, NW, Suite 800
Washington, DC 20036
Tel: 202-712-7000
Fax: 202-712-7100
mdavey@kiernantrebach.com
jhuang@kiernantrebach.com
*Counsel for Food Lion, LLC & Kellermeyer Bergusons Services, LLC*

# CERTIFICATE OF SERVICE

      I hereby certify that on April 28, 2022, a copy of the foregoing Motion for Summary Judgment and accompanying Memorandum were served via the Court's electronic service system upon:

Matthew T. Angotti
James P. O'Brien
Anderson Coe & King, LLP
Seven St. Paul Street, Suite 1600
Baltimore, Maryland 21202
*Counsel for Vane Services Cleaning, LLC*

Lawrence S. Greenberg
Greenberg Law Office
6 E. Biddle Street
Baltimore, Maryland 21202
*Counsel for Plaintiff*

                                              /s/ Jeremy C. Huang
                                              Jeremy C. Huang