Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASMINE RITTERSBACHER                    *

      Plaintiff                                *

v.                                       *     Case no.: 1:20−cv−02800−JMC

FOOD LION, LLC, et al.                   *

      Defendants                               *

                  * * * * * * * * * * * * * * * * * * * * * *

## ANSWERS TO INTERROGATORIES

Defendant, Vane Service Cleaning, LLC, by its undersigned counsel, provides the following Answers to the Interrogatories propounded by the Plaintiff:

### INTRODUCTION AND GENERAL OBJECTIONS

Defendant, Vane Service Cleaning, LLC (Defendant or "Vane") hereby states its objections and responses to Plaintiff's Interrogatories. The objections and responses set forth herein are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, and admissibility, and any and all other objections and grounds that would require the exclusion of any statement if any of the present interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. Discovery is ongoing and Defendant consequently does not presently know of all facts or witnesses who have knowledge concerning this matter. In this regard, as Defendant becomes aware of facts or witnesses relevant to its answers herein, Defendant will comply fully with the Rules of Civil Procedure to the extent applicable. Defendant otherwise objects to Plaintiff's

Interrogatories to the extent that they would require more than compliance with the governing Rules of Civil Procedure.

In the interest of economy of time and clarity, Defendant states at the outset, in separate numbered paragraphs, its objections to the scope of Plaintiff's Interrogatories.

## *GENERAL OBJECTION 1:*

Certain requests of Plaintiff could be interpreted as demanding the revealing of information regarding, or the identification of documents containing, privileged communications between Defendant and its attorneys. Defendant objects to providing any such information on the grounds that they are covered by the attorney-client privilege. In addition, Defendant objects to producing such information or identifying such documents that were prepared by its attorneys or otherwise prepared in anticipation of litigation on the grounds that such documents constitute privileged attorney-work product.

## *GENERAL OBJECTION 2:*

Defendant objects to any interrogatory that seeks information that is either irrelevant to this action or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to any interrogatory that seeks information about incidents other than the incident or incidents upon which Plaintiff's claims are based.  Moreover, Defendant objects to any interrogatory that seeks policies, procedures, guidelines, directives and the like that were not in effect at the time that the alleged incidents that gave rise to this action took place.

## *GENERAL OBJECTION 3:*

Defendant objects to those interrogatories, or portions thereof, in which Plaintiff seeks information protected by any State or Federal privacy laws.

*GENERAL OBJECTION 4:*

Defendant objects to each interrogatory served on it by Plaintiff on the grounds that the time frame for each interrogatory is not reasonably tailored to discoverable information relevant to the subject matter involved in the action.  Defendant will provide information in response to these interrogatories for the time period of the alleged incidents giving rise to this case.

*GENERAL OBJECTION 5:*

Defendant objects to any interrogatory, or portion thereof, that is overbroad, unduly burdensome, harassing, unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Defendant has endeavored to answer each separate inquiry contained in an interrogatory or sub-part thereof. In the event that Defendant has inadvertently neglected to answer or object to any of these interrogatories, it reserves the right upon being promptly notified of such omission to supply the answer or to state its objection, if any, to the inquiry as interpreted by Plaintiff. The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.  The word usage and sentence structure is that of the attorney and does not purport to be the exact language of the executing party.

Within the limitations set forth above, Defendant responds to Plaintiff's correspondingly numbered First Interrogatories as follows:

1. **INTERROGATORY:** For the person answering these interrogatories, state your full legal name, date of birth, Social Security Number, your full business addresses, your employer at the time this incident occurred, and your current employer as well as identify all

persons who participated in the preparation of the Answers to th ese Interrogatories, or who provided or assembled information or assistance in connection with the preparation of the Answers to these Interrogatories, or with whom you consulted or from whom you sought information or assistance in connection with the preparation of the answers to these Interrogatories.

**ANSWER:** These interrogatories were prepared with the assistance of Maria Monsalve, owner of Vane Service Cleaning, LLC; Jose Hernandez, supervisor for Vane Service Cleaning, LLC; and Manuel Atala, former employee of Vane Service Cleaning, LLC.

**2.** **INTERROGATORY:** If you contend that the Defendant is improperly identified in the Complaint, state Defendant's correct identification.

**ANSWER:** No such contention at this time.

**3.** **INTERROGATORY:** Identify any persons or entities whom Defendant contends are persons needed for just adjudication within the meaning of Fed.R.Civ.P. 19, but who have not been named by Plaintiff. This interrogatory includes, but is not limited to whether, at the time of the accident, the area where the incident occurred was property that was not owned, rented, or leased by this Defendant, and if so, set forth the individual or entity whom you contend owns, rents, or leases that portion of property.

**ANSWER:** Defendant objects to this interrogatory to the extent it improperly attempts to shift the burden of proof from Plaintiff to Defendant.  Without waiving any objection, Defendants Food Lion, LLC and/or Kellermeyer Bergensons Services, LLC were responsible for inspecting, maintaining, and providing janitorial services at the time of the alleged occurrence.

**4.** **INTERROGATORY:** Identify all persons who are likely to have personal knowledge of any fact alleged in the Plaintiff's complaint or in Defendant's answer to the

complaint and state the subject matter of the personal knowledge possessed by each such person, and if they will be called as a witness at trial.

**ANSWER:**  Maria Monsalve has general knowledge of the cleaning procedures at the subject premises in her capacity as owner of Vane Service Cleaning, LLC; she occasionally visited the subject premises prior to the occurrence.  Jose Hernandez has general knowledge of the cleaning procedures in his role as supervisor for Vane Service Cleaning, LLC; he occasionally visited the subject premises prior to the occurrence.  Manuel Atala was working at the subject premises the night before the occurrence as an employee of Vane Service Cleaning, LLC.  Manuel Atala's brother-in-law, Anibal Hernandez, was also working with Mr. Atala the night before the occurrence.  Mr. Hernandez was employed by Mr. Atala.

**5.     INTERROGATORY:** If you have knowledge of any person carrying on an insurance business that might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse the payments made to satisfy the judgment, identify that person and state the applicable policy limits of any insurance agreement under which the person might be liable.

**ANSWER:** Defendant is insured through the Chubb Group of Insurance Companies with policy limits of $1 million per occurrence.

**6.     INTERROGATORY:** For each witness identified by you in connection with the disclosures required by Fed.R.Civ.P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefor.

**ANSWER:** Defendant will make its 26(a)(2) disclosures in accordance with the Court's Scheduling Order.

7.     **INTERROGATORY:** Following the incident, did any Defendant issue any report or notice or institute any changes in protocol or procedures for maintaining or cleaning the floors, placement of mats, repairs of display units or make any changes in safety protocol, and if so, set forth the nature of any change made, the date it was made, and the individual responsible for ordering or directing such change.

**ANSWER:** Defendant objects to this Interrogatory to the extent it is vague, overly broad, unduly burdensome, irrelevant and seeks information that is protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to the extent it seeks information regarding a subsequent remedial measure, which is not admissible into evidence at trial.  Without waiving these objections, no such changes were made.

8.     **INTERROGATORY:** Set forth the name, business address, and current business affiliation or last known business affiliation of each person who participated in the processing, investigation, and handling of the underlying claim.

**ANSWER:** Defendant objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or work product doctrine. Without waiving this objection, Defendant's attorneys and insurance representatives are conducting a continuing investigation into the cause of the accident and damages alleged.

9.     **INTERROGATORY:** Identify with specificity each oral communication, meeting and/or discussion between the Plaintiff and Defendant, or representative of the Defendant, in connection with the underlying claim, setting forth: (a) the date of said communication, meeting, or discussion; (b) the place where the communication, meeting, or discussion was held, including whether conducted in person or by telephone; (c) the name and address of each person present; (d) a detailed description of the matters discussed; (e) whether

6

any representations were made or any determinations, decisions, or agreements were reached and, if so, state each with specificity.

**ANSWER:** Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or work product doctrine.  Without waiving any objection, Defendant has not spoken with Plaintiff.

**10.    INTERROGATORY:** Identify how this Defendant began working at the Food Lion, including but not limited to:

a. Who hired this Defendant?

b. When was this Defendant hired?

c. Whether the agreement was reduced to writing?

d. Terms of the agreement of employment?

**ANSWER:** Defendant was hired by Kellermeyer Bergensons Services, LLC to perform cleaning services at the subject premises; the terms of the agreement are set forth in the contract attached to Defendant's document production.  Defendant had previously worked at the subject premises around 2010 for a different management company; Defendant does not have records from this time and does not recall specific dates.

**11.    INTERROGATORY:** Give a concise statement of facts as to how you contend the occurrence took place, giving all events in detail, in the order in which they occurred, which had any bearing on the cause and manner of the happening of the occurrence.

**ANSWER**: Defendant does not have personal knowledge responsive to this interrogatory because it was not performing cleaning services at the time of the occurrence.

**12.    INTERROGATORY:** Set forth with specificity all facts upon which the Defendant will rely upon at trial in support of the affirmative defenses contained in the

Defendant's Answer to the Complaint including: (a) the source of the fact; and (b) if the source is set forth in any written document or tangible thing, annex a true and exact copy to the Answers to Interrogatories.

**ANSWER**: Defendant objects to this interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, trial strategy and/or those prepared in anticipation of litigation.  Without waiving any objection, Defendant reserves the right to rely on any facts that are disclosed in discovery.

13. **INTERROGATORY:** Set forth whether the Defendant will contend that the Plaintiff did not suffer any loss or damage and is not entitled to any compensation for the injuries and allegations contained in the Complaint and, if so, set forth with specificity: (a) the factual basis for this contention; (b) the amount that the Defendant will contend was the actual amount of loss or damage by the Plaintiff; (c) the factual basis for the amount that the Defendant will contend was the actual amount of loss or damage sustained by the Plaintiff.

**ANSWER:** Defendant objects to this interrogatory to the extent it seeks an expert medical opinion and improperly attempts to shift the burden of proof from Plaintiff to Defendant. Defendant maintains that Plaintiff bears the burden of proof to show that all claimed injuries were caused by the subject incident.  Moreover, Defendant maintains all the defenses raised in its Answer.  Finally, Defendant objects to this interrogatory to the extent it seeks information that is protected by the attorney client privilege and/or work product doctrine.

14. **INTERROGATORY:** Set forth whether the Defendant is aware of any statements, whether made by the Plaintiff or Defendant, or by any other person, firm, or entity, with respect to allegations and defenses posited within the actions and, if so, set forth for each admission or declaration against interest: (a) the date when the admission or declaration against

interest was made; (b) the name, address, and firm affiliation of each person who made the admission or declaration against interest; (c) the name, address, and firm affiliation of each person to whom the admission or declaration against interest was made; (d) the name, address, and firm affiliation of each person present when the admission or declaration against interest was made; (e) the content of the admission or declaration against interest; (f) whether the admission or declaration against interest was oral or written; (g) the identity of and annex to the Answers to these Interrogatories clear and legible copies of any and all documents, notes, reports, memorandums, etc. comprising or regarding the admission or declaration against interest; and (h) if the Defendant is not in possession of the documents, notes, reports, memorandums, etc., provide the name, address, and telephone number of the custodian.

**ANSWER:** Defendant objects to this interrogatory on the grounds it is overbroad, unduly burdensome, and seeks counsel's mental impressions as to the legal question about what constitutes an admission against interest.  Without waiving any objection, after the occurrence, Manuel Atala spoke with a maintenance worker from Defendants Food Lion, LLC and/or Kellermeyer Bergensons Services, LLC and was told the freezer was leaking in the area where Plaintiff fell.

**15.    INTERROGATORY:** If you contend that the occurrence was caused or contributed to by any party, person or entity, known or unknown, or any defect in any product that was present either inside or outside of Defendant's store at the time of the occurrence, state the precise facts upon which you intend to rely to support your contention, the exact nature of the alleged conduct or defect, and the specific manner in which the conduct or defect caused or contributed to the occurrence.

9

**ANSWER:** Yes.  Defendant contracted with Kellermeyer Bergensons Services, LLC to perform cleaning services seven nights per week from around 9:00 p.m. to 10:00 p.m.  At all other times Food Lion, LLC and/or Kellermeyer Bergensons Services, LLC were responsible for inspecting, maintaining, and providing janitorial services.  Since the occurrence did not occur until the following day, Food Lion, LLC and/or Kellermeyer Bergensons Services, LLC were responsible for inspecting, maintaining, and providing janitorial services at the time of the occurrence.  Defendant also reserves the right to contend that Plaintiff caused and/or contributed to the occurrence based on the affirmative defenses set forth in Defendant's Answer.

**16.     INTERROGATORY:** Identify all employees or individuals, including title, job responsibilities and length of employment with the Defendant, who were working in the area of the incident on the date of the occurrence, including but not limited to those employees responsible for cleaning the area, placing mats, ensuring the display unit was not leaking fluid or any other issue that may have caused the Plaintiff to fall, and provide the beginning and ending times of the shift worked by each individual.

**ANSWER:** Defendant objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and is not likely to lead to the discovery of admissible evidence. Without waiving these objections, Manuel Atala and Anibal Hernandez performed cleaning services the night before the occurrence and left around 10:00 p.m.  Defendant did not perform any other cleaning services between the time they left and the time of the occurrence.  As stated elsewhere in these answers, Food Lion, LLC and/or Kellermeyer Bergensons Services, LLC were responsible for inspecting, maintaining, and providing janitorial services at all other times, including the time of the occurrence.

17.    **INTERROGATORY:** Was a report made by you, oral or written, or by an employee of yours in the ordinary course of business with respect to the occurrence? If so, state the name and address of the person who made the report, the date thereof and, if written, in whose custody it is and attach a copy to your answers to these interrogatories.

**ANSWER:** No such reports were made.

18.    **INTERROGATORY:** State whether you have within your possession or control, with regard to the happening of the events as alleged by the Plaintiffs, or any of the Plaintiffs' injuries any of the following: (a) photographs, (b) surveillance or security cameras, video recorders, videotape, digital recording, photographs, or any other means of visually recording or monitoring the area in question, and any area adjacent to the entrance-way; (c) plats or diagrams; or (d) objects connected with or related to same, and if so, specify the exact type of device used, the dates taken and the person taking same, and the current location of any film, tape, digital reproductions, photographs, or any other visual recording made by such devices.

**ANSWER:** None, other than the video previously provided by Food Lion, LLC and Kellermeyer Bergensons Services, LLC.

19.    **INTERROGATORY:** State whether any employee of any Defendant came to the assistance of or contacted the Plaintiff at any time within seven days after she fell, and if so, identify said employee(s), the time said employee came to Plaintiff's assistance or attempted to communicate with the Plaintiff, and what actions were taken by said employee. Include the identity of the individual who contacted the Plaintiff, the date of said contact, the nature and purpose of said contact, and the substance of the conversation between this individual and the Plaintiff.

**ANSWER:** Defendant did not provide any such assistance or make any such contact.

11

**20.** **INTERROGATORY:** Set forth this Defendant's protocols or procedures for generating accident or incident reports, notices of defective property or display units inside a customer's store, and retaining or otherwise storing said reports, including the types of incidents that generate such a report, the length of time said reports are kept, the location where said reports are kept, and the individual(s) charged with maintaining possession of said reports and whether an incident report, accident report, or other similar report was filed by either the Plaintiff or any Defendants' managers, employees, or agents, including the date of said report, the identity of all individuals mentioned in the report, the current location of said report, and the individual(s) currently in possession of said report.

**ANSWER:** Defendant objects to this interrogatory to the extent it is overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Without waiving these objections, after an accident the employee contacts Defendant as well as Food Lion, LLC, and Food Lion creates an incident report.

**21.** **INTERROGATORY:** State whether any disciplinary action was taken against any employee as a result of this incident, including the identity of the employee, the date of said disciplinary action, and the nature of said disciplinary action.

**ANSWER:** Defendant objects to this interrogatory to the extent it is overbroad and seeks information regarding a subsequent remedial measure, which is not admissible into evidence at trial.  Without waiving these objections, no such disciplinary actions were taken.

**22.** **INTERROGATORY:** If you contend that the injuries and disabilities now complained of by the Plaintiff were the result of prior or subsequent injuries or illness, give a concise statement of the facts upon which you rely and identify all persons having personal knowledge or such facts.

**ANSWER:** Defendant objects to this interrogatory to the extent it seeks an expert medical opinion and improperly attempts to shift the burden of proof from Plaintiff to Defendant. Defendant maintains that Plaintiff bears the burden of proof to show that all claimed injuries were caused by the subject incident.  Moreover, Defendant maintains all the defenses raised in its Answer.  Finally, Defendant objects to this interrogatory to the extent it seeks information that is protected by the attorney client privilege and/or work product doctrine.

23.    **INTERROGATORY:** As it relates to the work this Defendant was required to perform in the store,

a. What were the specific duties required?

b. How often where you required to perform them?

c. Were you required to report to an agent of the co-Defendant upon arrival and completion of work?

d. Were you required to complete paperwork detailing the work performed?

**ANSWER:** Defendant's duties are set forth in its contract with Kellermeyer Bergensons Services, LLC, which is attached to Defendant's document production.  Defendant would arrive at the subject premises around 9:00 p.m., clock in, and ask for a Food Lion manager.  After that, Defendant sweeps the floors, uses a scrubbing machine, buffer machine, and cleans the edges/corners of the store with a mop.  Thereafter, Defendant notifies the Food Lion manager who checks and documents Defendant's work, and Defendant clocks out.

24.    **INTERROGATORY:** Provide the names, addresses and dates of employment of all individuals employed by this Defendant who worked at the Property described in the Complaint, whether as an employee or independent contractor, from January 1, 2018 to January 1, 2020, including name, all professional title(s) held by them during that period and a brief

13

description of their corresponding employment responsibilities. This interrogatory requests information regarding, but not limited to, individuals who were responsible for, or engaged in, work, maintenance, cleaning, repair of the area and in charge of safety procedures and maintaining those respective procedures at the property.

**ANSWER:** Defendant objects to this Interrogatory to the extent it is unduly burdensome, overly broad, confusing, not limited in time or scope, and vague as to the terms "'work, maintenance, and safety procedures" are not defined. Without waiving any objection, Manuel Atala and Anibal Hernandez performed nightly cleaning services at the subject premises; on occasion, Maria Monsalve and Jose Hernandez would also visit the subject premises and assist with cleaning.  As stated elsewhere in these answers, Food Lion, LLC and/or Kellermeyer Bergensons Services, LLC were responsible for inspecting, maintaining, and providing janitorial services at all other times, including the time of the occurrence.

25.    **INTERROGATORY:** State whether this Defendant was aware of a defective display unit described in the Amended Complaint, including the flower display, that leaked liquid onto the floor. If so, did any agent of this Defendant report the defective unit to co-Defendant.

**ANSWER:** Defendant was aware of the freezer that was leaking in the area where Plaintiff fell as well as overhead sprinklers that were used to spray produce.  Defendant did not report this to Codefendants because they were already aware of these conditions.

26.    **INTERROGATORY:** Was an examination made of the area by this Defendant where the Plaintiff fell at any time within a Forty-eight (48) hour period before or after the Plaintiff fell? If your Answer is in the affirmative, state the name and current address of any person or entity who performed the examination, the purpose of the examination, whether there

14

was a schedule for said maintenance, and state the substance of the findings of any such examination. If there was a written report made of such examination, attach a copy of same to your Answers.

**ANSWER:** Defendant objects to this interrogatory as it exceeds the scope of discovery provided under Rule 33.

**27.    INTERROGATORY:** State any business relationship you have with any other party or non-party relating to the maintenance, cleaning, repairs or any other issues that surround this case, and attach all documents detailing the business relationship.

**ANSWER:** Defendant objects to this interrogatory as it exceeds the scope of discovery provided under Rule 33.

**28.    INTERROGATORY:** State whether there were any warning or caution signs, notices posted in the area of the subject incident at the time of the incident in question. If so: (a) describe the content of such signs, notices or mats (b) identify who placed them; (c) state the exact time and date when they were placed and (d) identify as accurately as possible where within the premises any such signs or notices were placed.

**ANSWER:** Defendant objects to this interrogatory as it exceeds the scope of discovery provided under Rule 33.

/s/ Matthew T. Angotti
Matthew T. Angotti (Bar No. 05949)
/s/ James P. O'Brien
James P. O'Brien (Bar No. MD0114)
Anderson, Coe & King, LLP
Seven St. Paul Street, Suite 1600
Baltimore, Maryland 21202
(T) 410-752-1630;  (F) 410-752-0085
angotti@acklaw.com / obrien@acklawcom
*Attorneys for Defendant Vane Services Cleaning,*
*LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18 day of February, 2021, a copy of Vane Services

Cleaning, LLC's Answers to Plaintiff's Interrogatories and Responses to Requests for

Documents were eserved and/or mailed to:

Lawrence S. Greenberg, Esquire
Greenberg Law Office
6 East Biddle Street
Baltimore, MD  21202
*Attorney for Plaintiff Jasmine Rittersbacher*


Matthew M. Davey, Esquire
Sheena M. Njoroge, Esquire
Sarabeth Rangiah, Esquire
Bonner Kiernan Trebach & Crociata, LLP
1233  20th Street, NW, 8th Floor
Washington, DC  20036
*Attorneys for Defendant Food Lion, LLC and Defendant/Third Party Plaintiff Kellermeyer*
*Bergensons Services, LLC*


 /s/  Matthew T. Angotti
Matthew T. Angotti (Bar No. 05949)
  /s/  James P. O'Brien
James P. O'Brien (Bar No. MD0114)

I am employed by Vane Service Cleaning, LLC and am authorized to verify these responses on behalf of Vane Service Cleaning, LLC.   I have reviewed the responses to interrogatories propounded on behalf of the plaintiff, and I am informed and believe that these responses are true and correct to the best of my knowledge at this time.

I declare under penalty of perjury that the foregoing is true and correct.

BY: Vane Service Cleaning, LLC